UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

OSTERHAUS PHARMACY, INC., *et al.*,

    Plaintiffs,

    v.

EXPRESS SCRIPTS, INC.,

    Defendant.

CASE NO. 2:24-cv-00039-RAJ

**STIPULATED PROTECTIVE ORDER**

1.     <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2. **DEFINITIONS**

As used in this Protective Order, the terms listed below are defined as follows:

2.1 "Action" means the above-captioned action: *Osterhaus Pharmacy, Inc. et al. v. Express Scripts, Inc.*, Case No. 2-24-CV-00039-RAJ (W.D. Wash.).

2.2 "Confidential" material is material designated under paragraph 3.

2.3 "Confidential Health Information" material is material designated under paragraph 5.

2.4 "Designating Party" means the Party or non-party that designates material "Confidential," "Highly Confidential – Attorneys' Eyes Only," and/or "Confidential Health Information" under this Protective Order.

2.5 "Highly Confidential – Attorneys' Eyes Only" material is material designated under paragraph 4.

2.6 "Outside Attorneys" means outside counsel of record for any Party.

2.7 "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors retained by Outside Attorneys but not employed by a Party or its Outside Attorneys, including persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, providing document management and review services, and organizing, storing, or retrieving data in any form or medium).

2.8 "Party" or "Parties" means Osterhaus Pharmacy, Inc., Cammack's Pharmacies Inc., d/b/a Jim's Pharmacy and Home Health, Harbor Drug Co., Inc., Valu Drugs Inc., Smith's Pharmacy II, Inc., d/b/a Smith's Pharmacy, Redner's Markets, Inc., Old Baltimore Pike Apothecary, Inc., t/a Apothecary, Inc., t/a Southern Chester County Pharmacy, and/or Express Scripts, Inc.

2.9 "Protected Material" means any material designated as Confidential, Highly Confidential – Attorneys' Eyes Only, or Confidential Health Information under this Protective Order.

3. "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged: (1) court records, whether in this District or other courts, currently maintained under seal; (2) employee personnel information; (3) Protected Health Information, including prescription and other medical records; (4) contracts or contract terms that are not publicly available; (5) transaction and sales records; (6) information subject to a non-disclosure or confidentiality agreement; (7) trade secrets; (8) personal identifying information subject to redaction under Local Rule 5; (9) commercially sensitive information for which the Designating Party has taken reasonable steps to maintain confidentiality, including such as: (a) financial or accounting information; (b) commercially sensitive internal communications or information; (c) business negotiations, transactions, or dealings; and (d) competitive or strategic initiatives that are not readily ascertainable.

4. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL

"Highly Confidential – Attorneys' Eyes Only" will mean material that both meets the standards of Confidential material and that the Designating Party reasonably and in good faith believes is so highly sensitive and is of such a nature that disclosure to persons other than those listed in paragraph 7.4 would create a substantial risk of economic injury that could not be avoided by less restrictive means.

5. "CONFIDENTIAL HEALTH INFORMATION"

5.1   "Confidential Health Information" will mean information encompassed within the scope and definition of Protected Health Information as set forth in 45 C.F.R. 160.103 or otherwise subject to protection under state or federal law where such protection is necessary to protect the privacy of the patient/insured/member.

(a)   Confidential Health Information does not include any document or information in which the Producing Person has redacted the identifiers listed above and does not have actual knowledge that the information could be used alone or in combination with other

information to identify an individual who is the subject of the information. The Producing Person may, but is not required to, perform such redactions before producing documents that originally contained Confidential Health Information.

(b) The Parties also seek to ensure that any person who receives and stores Confidential Health Information in connection with this Action will develop, implement, maintain, and use appropriate administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Confidential Health Information, and to prevent unpermitted use of disclosure of any Confidential Health Information they may receive from any person in connection with this Action. At a minimum, all Parties and persons or entities who receive Confidential Health Information agree that they will comply with the Privacy and Security Rules, as defined in paragraph 12 herein.

6. <u>SCOPE</u>

The protections conferred by this agreement cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Protected Material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A receiving party may use Protected Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Protected Material may be disclosed only to the categories of persons and under the conditions described in this agreement. Protected Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

7.2    <u>Filing Protected Material</u>. If a Party wishes to file or discuss material designated as

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-cv-00039-RAJ - 4

Confidential Material or Highly Confidential Material in connection with a motion, brief or other submission to the Court it must seek leave to file it under seal temporarily so the Designating Party or parties can attempt to make the showings required by Local Civil Rule 5(g). The Designating Party or parties shall have twenty-one (21) days to file the motion to seal required by Local Civil Rule 5(g) and the non-designating parties will have fourteen (14) days to respond. A Party who seeks to maintain a confidentiality designation of the Protected Material must satisfy the requirements of Local Civil Rule 5(g)(3)(B). Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

7.3   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a receiving party may disclose any Confidential material only to:

(a)   The officers, directors, and employees (including in house counsel) of the Parties responsible for overseeing and assisting with this litigation to whom disclosure is reasonably necessary, and Outside Attorneys, their law firms, and their Outside Vendors;

(b)   The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(c)   Experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed a "Acknowledgement and Agreement to be Bound" in the form provided as Exhibit A;

(d)   The Court, Court personnel, and Court reporters and their staff;

(e)   During their depositions, any witness in the litigation who is the Designating Party, a current employee of the Designating Party, a former employee of the Designating Party who was employed by the Designating Party when the Confidential Material was created, or otherwise had access to such material separate and apart from their involvement in this Matter, and any witnesses in the litigation to whom disclosure is reasonably necessary

provided that counsel for the party intending to disclose the information has a good-faith basis for believing such Confidential Information is relevant to events, transactions, discussions, communications or data about which the witness is expected to testify or about which the witness may have knowledge who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court.

(f) Court reporters, stenographers, or videographers who record deposition or other testimony in connection with this action;

(g) Any persons to whom the Parties agree in writing and who have executed the "Acknowledgement and Agreement to be Bound" in the form attached as Exhibit A; and

(h) Discovery masters, special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other dispute(s), and their personnel to whom disclosure is reasonably necessary.

7.4  Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a receiving party may disclose any Highly Confidential – Attorneys' Eyes Only information only to:

(a) The Court and its staff;

(b) Outside Attorneys, their law firms, and their Outside Vendors;

(c) Persons shown on the face or metadata of the document to have authored or received it, or from whose files the document was produced;

(d) Court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Action retained to transcribe testimony;

(e) Outside experts and outside consultants to whom disclosure is reasonably necessary for this litigation and who have signed a "Acknowledgement and Agreement to be Bound" in the form provided as Exhibit A;

(f) If a party has a good-faith basis for believing Highly Confidential – Attorneys' Eyes Only material is relevant to events, transactions, discussions, communications or

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-cv-00039-RAJ - 6

data about which the witness is expected to testify at deposition but disclosure is not otherwise permitted under this Order, the party seeking to make the disclosure at such deposition shall meet and confer with the Designating Party no less than seven (7) days prior to the deposition to seek agreement from the Designating Party to the disclosure pursuant to paragraph 7.4(g). If no such agreement is reached, the party seeking to make the disclosure may only do so by order of the Court.

(g)  Any person to whom the Parties agree in writing and who have executed the "Acknowledgement and Agreement to be Bound" in the form attached as Exhibit A; and

(h)  Discovery masters, special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other dispute arising in this Action, and their necessary personnel.

7.5  <u>Disclosure of Confidential Health Information.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a receiving party may disclose any Confidential Health Information only to:

(a)  The Court and its staff;

(b)  In-house counsel, representatives and current employees of the Parties responsible for overseeing and assisting with the Action to whom disclosure is reasonably necessary, and Outside Attorneys, their law firms, and their Outside Vendors;

(c)  Persons shown on the face or metadata of the document to have authored or received it, or from whose files the document was produced;

(d)  Any person to whom the Confidential Health Information pertains, provided that such a person (1) may not be shown Confidential Health Information pertaining to anyone but that person or a minor of whom that person is the parent or guardian and (2) may not be shown anything besides Confidential Health Information if the document is designated as Confidential or Highly Confidential – Attorneys' Eyes Only unless that person is independently permitted to review such documents by paragraphs 7.3 and 7.4;

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-cv-00039-RAJ - 7

(e) Court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Action;

(f) Outside industry advisors, outside financial advisors, outside accounting advisors, outside experts, and outside consultants (and their respective staff) that are specifically retained by the signatories to this Protective Order as consultants or experts in this Action, and who have signed a "Acknowledgement and Agreement to be Bound" in the form provided as Exhibit A;

(g) Any persons to whom the Parties agree in writing and who have executed the "Acknowledgement and Agreement to be Bound" in the form attached as Exhibit A; and

(h) Discovery masters, special masters, mediators or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other dispute, and their necessary personnel.

8. DESIGNATING PROTECTED MATERIAL

8.1 Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-cv-00039-RAJ - 8

parties that it is withdrawing the mistaken designation.

    8.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 8.2(b) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

    (a)    <u>Information in documentary form</u>: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the word/words "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL HEALTH INFORMATION" to each page that contains Confidential material, Highly Confidential – Attorneys' Eyes Only material, or Confidential Health Information, respectively. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

    (b)    <u>Testimony given in deposition or in other pretrial proceedings</u>: Any party or non-party may, within thirty days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential, Highly Confidential – Attorneys' Eyes Only, or Confidential Health Information. If a party or non-party desires to protect any Protected Material at trial, the issue should be addressed during the pre-trial conference.

    (c)    <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL HEALTH INFORMATION," as warranted by the designation of the material. If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

    8.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

9. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

9.1 <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL HEALTH INFORMATION" at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

9.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

9.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the Designating Party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

10.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL HEALTH INFORMATION," that party must:

(a)   promptly notify the Designating Party in writing and include a copy of the subpoena or court order;

(b)   promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

11.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

12.   **HIPAA PRIVACY & SECURITY RULES**

This Protective Order authorizes the disclosure of information protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended by the Health Information Technology for Economic and Clinical Health Act ("HITECH Act"), including all applicable regulations and guidance issued by the Secretary of the United States Department of

Health and Human Services (collectively "HIPAA Rules"), including, specifically, 42 C.F.R. Part 2 and 45 C.F.R. §§ 164.512(e)(1)(ii)(B), 164.512(e)(1)(v), as well as all state laws and regulations regarding the privacy and security of personal information (collectively with the HIPAA Rules, "Privacy and Security Rules"). This Protective Order constitutes a Qualified Protective Order, as that term is defined in the Privacy and Security Rules.

13. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

14. <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Protected Material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.

The confidentiality obligations imposed by this agreement shall remain in effect until a Designating Party agrees otherwise in writing or a court orders otherwise.

RESPECTFULLY STIPULATED TO AND DATED this 18th day of August, 2025.

| | |
|---|---|
| TERRELL MARSHALL LAW GROUP PLLC | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| By: */s/ Beth E. Terrell* <br> Beth E. Terrell, WSBA #26759 <br> Email: bterrell@terrellmarshall.com <br> Amanda M. Steiner, WSBA #29147 <br> Email: asteiner@terrellmarshall.com <br> Blythe H. Chandler, WSBA #43387 <br> Email: bchandler@terrellmarshall.com <br> 936 N. 34th Street, Suite 300 <br> Seattle, Washington 98103 <br> Telephone: (206) 816-6603 <br><br> Joseph M. Vanek, *Admitted Pro Hac Vice* <br> Email: jvanek@sperling-law.com <br> Paul E. Slater, *Admitted Pro Hac Vice* <br> Email: pes@sperling-law.com <br> Phil Cramer, *Admitted Pro Hac Vice* <br> Email: pcramer@sperling-law.com <br> Trevor K. Scheetz, *Admitted Pro Hac Vice* <br> Email: tscheetz@sperling-law.com <br> Kathryn M. DeLong, *Admitted Pro Hac Vice* <br> Email: kdelong@sperling-law.com <br> SPERLING & SLATER, LLC <br> 55 W. Monroe Street, Suite 3200 <br> Chicago, Illinois 60603 <br> Telephone: (312) 641-3200 <br><br> Steve D. Shadowen, *Admitted Pro Hac Vice* <br> Email: steve@hilliardshadowenlaw.com <br> Nicholas W. Shadowen, *Admitted Pro Hac Vice* <br> Email: nshadowen@hilliardshadowenlaw.com <br> Kathryn Allen, *Admitted Pro Hac Vice* <br> Email: kallen@hilliardshadowenlaw.com <br> Matthew C. Weiner, *Admitted Pro Hac Vice* | By: */s/ Alicia Cobb* <br> Alicia Cobb, WSBA # 48685 <br> Email: aliciacobb@quinnemanuel.com <br> Matthew S. Hosen, WSBA #54855 <br> Email: matthosen@quinnemanuel.com <br> 1109 First Avenue, Suite 210 <br> Seattle, Washington 98101 <br> Telephone: (206) 905-7000 <br> Facsimile: (206) 905-7100 <br><br> Ryan T. Andrews, *Admitted Pro Hac Vice* <br> Email: ryanandrews@quinnemanuel.com <br> Michael J. Lyle, *Admitted Pro Hac Vice* <br> Email: mikelyle@quinnemanuel.com <br> Michael D. Bonanno, *Admitted Pro Hac Vice* <br> Email: mikebonanno@quinnemanuel.com <br> Jonathan G. Cooper, *Admitted Pro Hac Vice* <br> Email: jonathancooper@quinnemanuel.com <br> 1300 I Street NW, Suite 900 <br> Washington, D.C. 20005 <br> Telephone: (202) 538-8000 <br><br> *Attorneys for Defendants* |

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-cv-00039-RAJ - 13

Email: matt@hilliardshadowenlaw.com
HILLIARD SHADOWEN LLP
1717 West Sixth Street, Suite 370
Austin, Texas 78703
Telephone: (855) 344-3298

Mark R. Cuker, *Admitted Pro Hac Vice*
Email: mark@cukerlaw.com
CUKER LAW FIRM
575 Pinetown Rd
P.O. Box 1151
Ft. Washington, Pennsylvania 19034
Telephone: (215) 531-8522

Joshua P. Davis, *Admitted Pro Hac Vice*
Email: jdavis@bm.net
Julie A. Pollock, *Admitted Pro Hac Vice*
Email: jpollock@bm.net
Kyla J. Gibboney, *Admitted Pro Hac Vice*
Email: kgibboney@bm.net
BERGER MONTAGUE PC
505 Montgomery Street, Suite 625
San Francisco, California 94111
Telephone (415) 906-0684

Michael L. Roberts, *Admitted Pro Hac Vice*
Email: mikeroberts@robertslawfirm.us
Erich P. Schork, *Admitted Pro Hac Vice*
Email: erichschork@robertslawfirm.us
Kelly Rinehart, *Admitted Pro Hac Vice*
Email: kellyrinehart@robertslawfirm.us
ROBERTS LAW FIRM US, PC
1920 McKinney Avenue, Suite 700
Dallas, Texas 75204
Telephone: (501) 821-5575

Gary I. Smith, Jr., *Admitted Pro Hac Vice*
Email: gsmith@hausfeld.com
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, California 94111
Telephone: (415) 633-1908

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-cv-00039-RAJ - 14

Timothy S. Kearns, *Admitted Pro Hac Vice*
Email: tkearns@hausfeld.com
HAUSFELD LLP
1200 17th St. NW, Suite 600
Washington, DC 20036
Telephone: (202) 540-7227

Joshua H. Grabar, *Admitted Pro Hac Vice*
Email: jgrabar@grabarlaw.com
GRABAR LAW OFFICE
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone: (267) 507-6085

*Attorneys for Plaintiffs and Proposed Class*

1    PURSUANT TO STIPULATION, IT IS SO ORDERED

2    IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production. Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED this 4th day of September, 2025.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Judge

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:24-cv-00039-RAJ - 16

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on September 4, 2025, in the case of *Osterhaus Pharmacy, Inc., et al. v. Express Scripts, Inc.*, Case No. 2:24-cv-00039-RAJ (W.D. Wash.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____