THE HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OSTERHAUS PHARMACY, INC., CAMMACK'S PHARMACIES INC., DBA JIM'S PHARMACY AND HOME HEALTH, HARBOR DRUG CO., INC., VALU DRUGS INC., SMITH'S PHARMACY II, INC., DBA SMITH'S PHARMACY, REDNER'S MARKETS, INC., and OLD BALTIMORE PIKE APOTHECARY, INC., T/A SOUTHERN CHESTER COUNTY PHARMACY on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EXPRESS SCRIPTS, INC.<br><br>Defendant. | NO. 2:24-cv-00039-RAJ<br><br>**STIPULATION AND [PROPOSED] ORDER REGARDING EXPERT DISCOVERY**<br><br>**NOTED FOR CONSIDERATION:**<br>SEPTEMBER 24, 2025 |

Plaintiffs Osterhaus Pharmacy, Inc., Cammack's Pharmacies Inc., dba Jim's Pharmacy and Home Health, Harbor Drug Co., Inc., Valu Drugs Inc., Smith's Pharmacy II, Inc., dba Smith's Pharmacy, Redner's Markets, Inc., and Old Baltimore Pike Apothecary, Inc., T/A Southern Chester County Pharmacy (collectively, "Plaintiffs") and Defendant Express Scripts, Inc. ("Defendant") (collectively, the "Parties") stipulate that the following terms (the "Stipulation") will govern expert discovery, including discovery relating to all testifying and non-testifying experts and consultants, in the above-captioned actions.

1. Except as provided in this Stipulation, expert discovery shall be governed by the Federal Rules of Civil Procedure and any other applicable rule. Accordingly, no subpoena need

be served on an individual based on his or her role as a testifying expert; the Parties will make information regarding their testifying experts available in accordance with Federal Rule of Civil Procedure 26(a)(2) and this Order and shall make a testifying expert available for deposition at a time mutually agreed to by the Parties or ordered by the Court.

2. The Parties agree that the only disclosures relating to retained experts shall be those pertaining to testifying experts.

3. Testifying expert reports shall be served via email. Within three (3) business days of service of an expert report, declaration, or affidavit, the Party submitting such report, declaration, or affidavit shall produce the data, documents, and other information relied upon by the expert witness as a basis for the expert witness's opinions. "[D]ata, documents and other information relied upon" shall include, but are not limited to, all data, spreadsheets (including formulas embedded in spreadsheet cells), statistical analyses, regression analyses, input and output files, computer code necessary to recreate any data, and other sources, reports, schedules, literature, or websites if relied upon by the expert as a basis for his or her opinion. Such production shall be sufficient for the opposing parties and experts to reconstruct and verify the expert's work, calculations, and analyses, and shall include any instructions and guides necessary to assist in that effort. The producing Party also shall answer reasonable technical inquiries about data or code.

4. The information required by Paragraph 3 above to be produced shall be produced electronically (via email, disk, external drive or FTP site) where reasonably feasible. Data, statistical analyses, or other information (including any calculation or exhibit) upon which an expert relies for any of his or her opinion(s) in this matter shall be provided in machine readable format, including any data that has been cleaned, reformatted, or modified in any way from the form in which it may have been provided to the expert. All other documents, data, and other information relied upon shall be provided in a format as agreed to by the parties, along with any software and instructions required to read them, but no party need produce computer software or instructions that are reasonably and commercially available (*e.g.*, Microsoft Word, Excel,

STATA, SAS). Documents that are publicly available shall be identified by a working URL where the materials can be accessed or obtained. Publications which exist only behind a paywall or in print shall be considered as not publicly available. The Parties may agree not to produce any printed publications which both Parties and/or their experts already possess. Documents that have previously been produced during discovery need not be produced if they are identified by Bates number.

5. The Parties agree to modify their Rule 26(a)(2)(B)(ii) disclosure obligations to require disclosure of "the facts, data, or other information relied on by the witness in forming them." For the purpose of defining their discovery obligations in this litigation, the parties agree that Rule 26(b)(4)(C)(ii) shall be treated as if it reads: "identify facts or data that the party's attorney provided and that the expert relied on in forming the opinions to be expressed."

6. Except to the extent relied on by the expert as a basis for his or her opinions, the Parties agree that the following categories of information, whether in documents, communications, or other forms, are not discoverable and need not be disclosed by any Party, and, except as provided by Paragraphs 7 and 8, below, an expert may not be examined at deposition, hearing, or trial on the contents of the categories of information in these categories:

    a. the content of communications among and between (i) counsel, including any legal assistant, secretary, clerical help, or other person working under the direction of counsel, on one hand, and a testifying expert, the testifying expert's staff, assistants, or clerical help, on the other hand; (ii) counsel, including any legal assistant, secretary, clerical help, or other person working under the direction of counsel, on one hand, and a non-testifying expert or consultant, the non-testifying expert's or consultant's staff, assistants, or clerical help, on the other hand; (iii) the testifying expert, on one hand, and his or her staff, assistants, or clerical help, on the other hand; (iv) the testifying expert, on one hand, and other testifying experts or non-testifying experts or consultants, their staff, assistants, or clerical help, on the other hand; (v) non-testifying experts or consultants, on one hand, and their staff, assistants, or clerical help, on the other hand; (vi) non-testifying experts or consultants, on one hand, and testifying experts or

non-testifying experts or consultants, their staff, assistants, or clerical help, on the other hand; or (vii) the staffs, assistants, or clerical help of a testifying or non-testifying expert or consultant, on one hand, and the staffs, assistants, or clerical help of other testifying or non-testifying experts or consultants, on the other hand;

      b.    any notes, drafts, written communications, or other records prepared by or for a testifying or non-testifying expert or consultant or their staff, assistants, or clerical help in connection with this matter (aside from any written expert reports and notes generated while testifying), including (i) preliminary work created by or for testifying or non-testifying experts or consultants; and (ii) copies of materials produced by any party bearing the notes, markings, or comments of a testifying or non-testifying expert consultant, or their staff, assistants, or clerical help, or counsel for the party retaining the expert or consultant;

      c.    any drafts of reports, declarations, affidavits, or other expert materials, including, without limitation, draft studies, analyses, opinions, or written expert testimony in or for this litigation; draft work papers prepared in connection with this litigation; preliminary or intermediate calculations, computations, modeling, or data runs prepared in connection with this litigation; or other draft materials prepared by, for, or at the direction of a testifying expert witness or a non-testifying expert or consultant, regardless of the form in which the draft is recorded;

      d.    any comments, whether oral or written, related to a report, declaration, or affidavit or draft report, declaration, or affidavit of a testifying expert prepared in connection with this litigation by (i) counsel for a party retaining the testifying expert; (ii) counsel working with counsel for a party retaining the testifying expert; (iii) any testifying expert's staff, assistants, or clerical help; (iv) a non-testifying expert or consultant; (v) a non-testifying expert's or consultant's staff, assistants, or clerical help; (vi) any other testifying expert; or (vii) any other testifying expert's staff, assistants, or clerical help;

      e.    any information concerning fees paid or to be paid to experts or consultants, with the exception of (i) the hourly rate of a testifying expert and his or her staff,

assistants, or clerical help, (ii) total hours personally billed by a testifying expert and his or her staff, assistants, or clerical help in this litigation, and (iii) total compensation received or to be received by a testifying expert, or for work done by the testifying expert's staff, assistants, or clerical help, in this litigation. For the avoidance of doubt, invoices submitted by experts or consultants shall not be discoverable unless a testifying expert is unable to testify on items (i), (ii), and (iii) from the preceeding sentence.

7. The limitations contained in Paragraph 6 shall not apply to any communications, documents, data sets, data runs, calculations, computations, methodological or analytical choices, or other forms of information or work upon which a testifying expert relies as a basis for any of his or her opinions or reports. To the extent a testifying expert relies on an assumption provided by counsel, the assumption—but not the communication(s) between counsel and the expert concerning that assumption—must be disclosed.

8. Nothing herein shall be construed to prevent questions relating to the substance of an expert witness' opinion(s), including alternative analyses, methodologies, or approaches to issues on which an expert is testifying, regardless of whether the expert considered them in forming the expert's opinions. Nor does anything herein prevent questions relating to the contents of an expert witness' report, declaration, or affidavit, including who drafted the contents.

9. The Parties shall not be obliged to include on any privilege log any documents encompassed within the scope of Paragraph 6, or any communications between outside counsel and testifying or non-testifying experts.

10. Nothing in this Stipulation shall limit or waive any party's rights to object for any reason to the admission of any opposing party's expert testimony into evidence or to the qualification of any person to serve as an expert witness.

11. The parties agree that Federal Rule of Civil Procedure 26(b)(4)(E) shall not require the party seeking discovery to pay the responding party any portion of the fees and expenses incurred in responding to expert discovery, including any fees and expenses incurred in

preparing and sitting for an expert deposition, or in obtaining facts and opinions from an expert.

12. Nothing in this Stipulation shall preclude any party from seeking to modify it later for good cause; prior to doing so, however, counsel of record shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Stipulation.

RESPECTFULLY SUBMITTED AND DATED this 24th day of September, 2025.

| TERRELL MARSHALL LAW GROUP PLLC | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
|---|---|
| By: /s/ Blythe H. Chandler<br>Beth E. Terrell, WSBA No. 26759<br>Email: bterrell@terrellmarshall.com<br>Blythe H. Chandler, WSBA No. 43387<br>Email: bchandler@terrellmarshall.com<br>Amanda M. Steiner, WSBA No. 29147<br>Email: asteiner@terrellmarshall.com<br>936 North 34th St., Ste. 300<br>Seattle, Washington 98103-8869<br>Telephone: (206) 816-6603<br><br>Joseph M. Vanek, *Admitted Pro Hac Vice*<br>Email: jvanek@sperlingkenny.com<br>Paul E. Slater, *Admitted Pro Hac Vice*<br>Email: pes@sperlingkenny.com<br>Phil Cramer, *Admitted Pro Hac Vice*<br>Email: pcramer@sperlingkenny.com<br>Trevor K. Scheetz, *Admitted Pro Hac Vice*<br>Email: tscheetz@sperlingkenny.com<br>Kathryn M. DeLong, *Admitted Pro Hac Vice*<br>Email: kdelong@sperlingkenny.com<br>SPERLING KENNY NACHWALTER, LLC<br>321 N. Clark Street, Suite 2500<br>Chicago, IL 60654<br>Telephone: (312) 641-3200<br><br>Steve D. Shadowen, *Admitted Pro Hac Vice*<br>Email: steve@hilliardshadowenlaw.com<br>Nicholas W. Shadowen, *Admitted Pro Hac Vice*<br>Email: nshadowen@hilliardshadowenlaw.com<br>Kathryn Allen, *Admitted Pro Hac Vice*<br>Email: kallen@hilliardshadowenlaw.com | By: /s/ Matthew S. Hosen<br>Alicia Cobb, WSBA No. 48685<br>Email: aliciacobb@quinnemanuel.com<br>Matthew S. Hosen, WSBA No. 54855<br>Email: matthosen@quinnemanuel.com<br>1109 First Avenue, Suite 210<br>Seattle, WA 98101<br>Telephone: (206) 905 7000<br><br>Michael Lyle, *Admitted Pro Hac Vice*<br>Email: mikelyle@quinnemanuel.com<br>Jonathan G. Cooper, *Admitted Pro Hac Vice*<br>Email: jonathancooper@quinnemanuel.com<br>Michael D. Bonanno, *Admitted Pro Hac Vice*<br>Email: mikebonanno@quinnemanuel.com<br>Ryan T. Andrews, *Admitted Pro Hac Vice*<br>Email: ryanandrews@quinnemanuel.com<br>1300 I Street NW, Suite 900<br>Washington, District of Columbia 20005<br>Telephone: (202) 538-8000<br><br>*Attorneys for Defendant* |

STIPULATION AND [PROPOSED] ORDER
REGARDING EXPERT DISCOVERY
CASE NO. 2:24-cv-00039-RAJ

6

HILLIARD SHADOWEN LLP
1717 W. Sixth Street, Suite 370
Austin, TX 78703
Telephone: (855) 344-3298

Mark R. Cuker, *Admitted Pro Hac Vice*
Email: mark@cukerlaw.com
CUKER LAW FIRM
575 Pinetown Rd
PO Box 1151
Ft Washington, PA 19034
Telephone: (215) 531-8522

Joshua P. Davis, *Admitted Pro Hac Vice* Email: jdavis@bm.net
Julie A. Pollock, *Admitted Pro Hac Vice*
Email: jpollock@bm.net
BERGER MONTAGUE PC
505 Montgomery St., Ste. 625
San Francisco, CA 94111
Telephone (415) 906-0684

Michael L. Roberts, *Admitted Pro Hac Vice*
Email: mikeroberts@robertslawfirm.us
Erich P. Schork, *Admitted Pro Hac Vice*
Email: erichschork@robertslawfirm.us
Kelly Rinehart, *Admitted Pro Hac Vice*
Email: kellyrinehart@robertslawfirm.us
ROBERTS LAW FIRM US, PC
1920 McKinney Ave., Ste. 700
Dallas, TX 75204
Telephone: (501) 821-5575

Gary I. Smith, Jr., *Admitted Pro Hac Vice*
Email: gsmith@hausfeld.com
HAUSFELD LLP
580 California Street, 12th Floor
San Francisco, CA 94101
Telephone: (415) 633-1908

Timothy S. Kearns, *Admitted Pro Hac Vice*
Email: tkearns@hausfeld.com
HAUSFELD LLP
1200 17th Street NW, Suite 600
Washington, DC 20036
Telephone: (202) 540-7200

Joshua H. Grabar, *Admitted Pro Hac Vice*
Email: jgrabar@grabarlaw.com
GRABAR LAW OFFICE
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 507-6085

Jeffrey J. Corrigan, *Admitted Pro Hac Vice*
Email: jcorrigan@srkattorneys.com
SPECTOR ROSEMAN & KODROFF, P.C.
2001 Market Street, Suite 3420
Philadelphia, PA 19103
Telephone: (215) 496-0300

Garrett D. Blanchfield, *Admitted Pro Hac Vice*
Email: g.blanchfield@rwblawfirm.com
REINHARDT WENDORF & BLANCHFIELD
222 South 9th Street, Suite 1600
Minneapolis, MN 55402
Telephone: (651) 287-2100

*Attorneys for Plaintiffs and the Proposed Class*

**ORDER**

IT IS SO ORDERED.

DATED this _____ day of _____, 2025.

_____
THE HONORABLE RICHARD A. JONES